56 CCPA

**Application of Axel L. NIELSEN.**

**Patent Appeal No. 8027.**

United States Court of Customs and Patent Appeals.

Dec. 5, 1968.

Franklin E. Quale, Detroit, Mich., George A. Degnan, Washington, D. C.

(Whittemore, Hulbert & Belknap, Detroit, Mich., of counsel) for appellant.

Joseph Schimmel, Washington D. C., (Joseph F. Nakamura, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

BALDWIN, Judge.

This is an appeal from the decision of the Board of Appeals,[1] affirming the examiner's rejection of claim 26 in appellant's application[2] for Pump and Tank Coupling Means "under 35 USC 103[3] as unpatentable over Nielsen[4] in view of Steneck[5] and the showing of Hogue."[6]

## THE INVENTION

The subject matter of the application is reflected by claim 26 which has been subdivided here for clarity:

26. The combination in laundry tub or like equipment of

a tub unit having a discharge member threaded in a standard pipe thread size,

a pump unit having an intake member threaded in a standard pipe thread size and adapted to be placed in suspension from and in liquid communication with said discharge member of the tub unit, the threads of said members being external and internal and incapable of mating with one another, said pump unit also having a fixed discharge connection mounted in predetermined fixed angular position rel-

1. The board consisted of Messrs. Dracopoulos, Examiner-in-Chief, and Reynolds and Horton, Acting Examiners-in-Chief. Mr. Horton wrote the opinion of the board.

2. Serial No. 308,960, filed September 16, 1963.

3. The examiner's rejection of claims 19, 21, 23, 24 and 26 on the ground of undue multiplicity was deemed, by the board, to have been overcome. Accordingly, the only rejection before this court is that of claim 26 under 35 U.S.C. § 103.

4. U.S. Patent 3,043,225, issued July 10, 1962.

5. U.S. Patent 1,209,063, issued December 19, 1916.

6. U.S. Patent 3,142,448, issued July 28, 1964, on an application filed January 30, 1961.

ative to said tub unit when the pump unit is thus suspended, and

means completing a suspended connection of said pump unit intake member from said tub unit discharge member without requiring a substantial angular rotation of said discharge connection of the pump unit to or from said predetermined position relative to the tub unit, said last named means comprising

a tubular adapter in threaded mating engagement adjacent one end thereof with the threads of said pump unit intake member,

a jam nut in threaded engagement with the threads of said tub unit discharge member,

said nut having an internal radial flange within which said adapter is axially received for rotative motion of said nut about said adapter,

said adapter having radially outwardly extending flange means adjacent one end thereof engaged with the flange of said jam nut to suspend the pump unit, said flange means being of an outer diameter to radially overlap the flange of said nut member and to radially inwardly clear the crests of the threads of the nut member, and

a sealing washer interposed between said flange means of said adapter and a surface of said discharge member under axial compression when said jam nut is threadedly taken up on the threading of said tub unit discharge member to suspend the pump unit.

## THE REFERENCES

The Nielsen patent is appellant's prior patent and shows a laundry tub unit, a motor-driven pump unit, and a tubular adapter coupling the pump unit in liquid communication with the tub unit, these three being, as admitted by appellant in his brief before the board, "the same general components as in the subject application." Although the Nielsen patent does not specifically disclose an installation in which the pump hangs from the tub, appellant has shown that, in practice, installations had been made with the pump suspended from the tub and that, as expressed in the present application, the Nielsen patent "contemplates a direct connection of a motorized pump unit to such fitting, with the pump unit suspended from the latter."

Steneck discloses a coupling for attaching a hot water tank to a water pipe. The coupling includes a sleeve member having an externally threaded lower end and an outwardly extending flange at the upper end, an annular sealing gasket cooperating with the outwardly extending flange, and an internally threaded jam nut having a lower, inwardly extending flange cooperating with the outwardly extending flange.

Hogue discloses a waste disposal unit attached to the bottom of a sink. The unit is supported and united to the sink through a coupling system which includes an annular ring member having an annular, inwardly extending flange which engages an outwardly extending flange on a cylindrical sleeve, and an annular sealing gasket cooperating with the outwardly extending flange.

## THE REJECTION

The examiner, in his Answer, stated that the broad combination of a laundry tub, pump unit and coupling connecting the pump to the discharge fitting of the tub is old in the art as exemplified by the Nielsen patent, the only difference being that of the particular adapter connection. Moreover, appellant's application on appeal states that the present invention resides in an approved coupling for the pump and tub shown in his prior patent. Relying upon Steneck, the examiner further alleged that the "specific tubular adapter coupling recited in appellant's claim 26 is an old and common connection in the plumbing or pipe fitting art for joining two tubular members." The examiner remarked still further:

In view of the teachings of Steneck it would be obvious to a person having ordinary knowledge of the plumbing

or pipefitting art to substitute the tubular adapter 14, jam nut 19 and sealing washer (not numbered) of Steneck for the tubular adapter 34 of Nielsen. The tubular adapter coupling 14 and 19 of Steneck is inherently capable of suspending the pump unit 10 of Nielsen. * * *

\* \* \* \* \* \*

Appellant's general problem is the attachment of a pump unit to a tub discharge member *without rotation* of the pump unit with respect to the tub discharge member and the *suspension* of the pump unit from the discharge member. This problem is not unique to a laundry tub and pump unit combination. The attachment of a waste (garbage) disposal to a sink discharge member has the similar problem. The patent to Hogue discloses a disposal apparatus which is suspended from the sink discharge member * * * [by a coupling means similar to that shown by Steneck and claimed by appellant].

## OPINION

Appellant's prior patent discloses that the broad combination claimed, namely, a laundry tub, pump unit, and coupling connecting the pump to the tub discharge fitting, is old. The improved coupling for the pump and tub has three main components described in the application as being of a "basically standard production nature." These components are a tubular adapter, a jam nut, and a sealing washer and are disclosed by Steneck whose coupling appellant has "conceded in the record and orally before the Board of Appeals, is of a type generally similar in nature to appellant's coupling." The question is whether it would be obvious to substitute the Steneck type of coupling for that shown in appellant's prior patent.

We believe that the board was correct in holding that it would have been obvious to substitute Steneck's coupling for the tubular adapter in Nielsen's patent. Hogue's use of a coupler similar to Steneck's to suspend a waste disposal unit from a sink drain fitting and to ensure a tight connection as well as proper orientation of the unit, teaches or demonstrates the feasibility of using a jam nut and sealing washer for coupling and suspension purposes. Thus Hogue shows that a coupler similar to Steneck's can solve the problem of making a fluid tight suspension-type connection while simultaneously ensuring proper angular orientation. Hence, the teachings of Hogue appear to suggest the substitution of Steneck's coupler in Nielsen's combination; and accordingly, the invention defined in claim 26 is obvious within the ambit of 35 U.S.C. § 103.

The decision of the board is affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.